IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA



FILED

DEC 1 5 2020

CLERK, US DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

#17256-021

Cecil Dewitt Nelson    USP-Atwater
                       P.O. Box 019001
VS.                    Atwater,  CASE NO. 1:20-CV-1769-SKO(HC)
                       CA 95301

THE UNITED STATES (A.CIOLLI) WARDEN


PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C 2241 (c)(3),
AND 28 U.S.C § 1651 MANDAMUS AND PROHIBITION


Comes now Cecil Dewitt Nelson by and through himself, pro se, Moving for Extraordinary
relief in the nature of 28 U.S.C 2241 (c)(3) for Satisfaction of Judgment, fraud,
Violation of due process, Ineffective assistance of counsel, Void Judgment


Petitioner Contends that he Cannot Possibly lose the Merits of this litigation in light
of the rule of law Set forth in Ex Parte Lange, 85 U.S. 163, 21 L.Ed. 872 (1873) (Where
even a single Dollar on an unlawful fine is imposed and executed against a defendant,
Defendant's-Petitioner's term of imprisonment was at an end, further imprisonment had to
be barred and enjoined. SEE U.S. V. Holmes, 822 F.2d 481,484 (5th Cir. 1987).

RECEIVED

DEC 1 5 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

28 U.S.C § 2255  INADEQUATE OR INEFFECTIVE

To test the legality of fines, Special assessments, or restitution implying these
Challenges must be raised through some other remedy. Challenges to restitution, fines,
Special assessment are not Cognizable under 28 U.S.C § 2255. Payment of the illegal
fine and assessment fee Constitutes Satisfaction of the Judgment barring further
imprisonment. Has not had an unobstructed procedural shot at presenting the claim.  →

2

Case 1:20-cv-01769-NONE-SKO Document 1 Filed 12/15/20 Page 2 of 69

Nelson Did not receive the 14 page Plea-agreement, the letter from trial Counsel and The opinion until after the Sentencing Court Decided my 2255. Nelson then found out not only did Counsel amended the Plea he also he forged cut and Pasted the Signatures, and fail to transmit all offers Made by the government. Nelson Could not raise these claims Without having the evidence at that time it was provided after the 2255 Was denied therefore he could not raise the claims.

JURISDICTION

This honorable Court has Jurisdiction to declare Satisfaction of Judgment relating to fines, restitution, Special assessments, and forfeiture Pursuant to 28 U.S.C § 1651 - in light of U.S. V. WATROBA, 56 F.3d 28, 29 (6th Cir 1995), U.S. V. THIELE, 314 F.3d 399, 401 (9th Cir. 2002), U.S. V. KRAMER, 195 F.3d 1129, 1130 (9th Cir. 1999). For the reasons that Petitioner to Counsel Challenges only Special assessment imposed pursuant to 18 U.S.C § 3013, and Criminal forfeiture related to 21 U.S.C 848, 846, Mandamus, and Prohibition Under 28 U.S.C. 1651 is the proper remedy. SEE DOE V. INS, 120 F.3d 200, 203 (9th Cir. 1997), U.S. V. MORGAN, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) Persaud V. U.S. 13-6435 (S.Ct.) granting Certiorari to review failure to grant 28 U.S.C 1651, 2241, and 2255 Joint remedies, reversing and remanding, 134 S.Ct. 1023, 188 L.Ed. 2d 117 (Jan. 27, 2014)

The mandatory Victim's restitution act is unconstitutional. Will the Court say so after SOUTHERN UNION V. UNITED STATES, 132 S.Ct. 2344 (2012). Indeed, the Sixth Circuit Clearly held that Petitioner is entitled to relief on the Special assessment issue in light of U.S. V. Jones, 489 F.3d 243, 250 (6th Cir 2007). Petitioner realleges and incorporates by reference his memorandum of Law and Sentencing Judgment.

The Petitioner-Defendant, Cecil Dewitt Nelson Reg. No. # 17256-021 USP Atwater Po Box 019001 Atwater, California 95301-- May be served With Service of Process at this address. Petitioner's equity is under restraint of multiple Judgments imposed against him by the Court-- Now fully executed by the respondent United States of america, and the Warden (A. Ciolli) USP Atwater, for the reason that petitioner is Proceeding pro Se and in forma pauperis, the filing fees requirements of the prison litigation act [PLRA] Do Not Apply NADDI V. HILL, 106 F.3d 275, 277 (9th Cir. 1997)

The United States is the respondent who executed the Special assessments [NOW Fully PAID) Pursuant to 18 U.S.C 3013 and through the forfeiture they Collected Pursuant to 18 U.S.c 981 (a)(1)(C) and 28 U.S.c 2461 (C) and May be Served With Service of

Process at U.S. Attorney General, 950 Pennsylvania, Room 4400, Washington, DC. 20530 and Robert Muller III, U.S. Attorney BOBBY L. CHRISTINE, AND ASST. JAMES C. STUCHEL U.S. ATTORNEY's office SAVANNAH, GA Branch.

Respondent U.S.P AtWater Warden (A. Ciolli) 1 Federal Way, AtWater, CA 95301 is the Care taker of Petitioner (A Federal prisoner), and Chief enforcement officer who delegated authority to his staff in the execution of special assessments in the amount of $100.00 and restitution in the amount of $ 484, 182.78, and according to program statement P 2011.11 Accounting for the cost of incarceration fees against petitioner. He may be served with service of process at this address.

## JUDICIAL NOTICE

The history of this case is now well established. Petitioner prays this honorable Court take Judicial notice pursuant to federal rules of evidence 201 (A-END) of the records on file and any other records of any other federal court connected to this case, and the records of the U.S. attorney's office maintained by them relating to the claims and issues raised in this petition. By now it is well settled/established that it is not error for this honorable court to take Judicial notice of the record, and recording of the plea, and sentencing hearings in former litigation connected to this case. NATIONAL FIRE INS. Co. OF HARTFORD V. THOMPSON, 281 U.S. 331, 74 L.ED. 2d 881, 50 S.Ct. 288 (1930), HYSLER V. FLORIDA 315 U.S. 411, 436, 8b L.Ed. 2d. (march 6, 1942) RUMFORD CHEMICAL WORKS V. HYGENIC CHEMICAL Co., 215 U.S. 156, 54 L.Ed. 2d. 137 (1909)

# REASON FOR GRANTING RELIEF

# ATTACHED

SEE GROUNDS 1-6

## EVIDENTIARY HEARING

Petitioner Contends this Court is required to Conduct a full evidentiary hearing in this matter because there are issues de hors the record and because the facts alleged, if true, would Justify relief, or where a factual dispute arises as to whether or not a Constitutional right is being denied. PROCUNIER V. ATCHLEY, 400 U.S. 446 (1971).

Constitutional and statutory provisions involved. The fifth amendment to the U.S. Constitution Provided in relevant part that: No Person Shall be held to answer for a Capital, or otherwise infamous crime, unless on a presentment or indictment of a grand Jury Nor be deprived of life, liberty, or property, "without Due process of LAW."

The Sixth amendment to the U.S. Constitution provides, in relevant part that: In all Criminal prosecutions the accused Shall enJoy the right to a Speedy and public trial, By an impartial JURY And to be "INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION."

Further, Movant prays this honorable Court will liberally Construe the pleadings of this Pro Se litigant and give his issues full and fair Consideration, even though his inartful Pleadings may Not meet the exact Standards of Counsel, and grant such relief as deemed appropriate in the premises. HAINES V. KERNER 404 U.S. 219 519 (1972).

## PRAYER FOR RELIEF

Wherefore, For good Cause Showing Petitioner prays this honorable Court declare that Petitioner's Judgment is Satisfied and petitioner's further imprisonment is Barred and enJoined due to unlawful court imposition and government execution of illegal fines, Special assessments, restitution, or forfeiture, as Shown in this petition and pleading before the court, or in alternative Vacate his Conviction and Sentence, or grant petitioner an evidentiary hearing With appointment of Counsel So that Petitioner Can present evidence to establish

Why this type of relief should be granted to petitioner against the government and their privies, thereafter.

Respectfully submitted,

Cecil Dewitt Nelson

U.S.P ATWATER

PO Box 019001

ATWATER, CA 95301

## CERTIFICATE OF SERVICE

On this the    10    DAY OF December    2020, A true and correct copy of this was sent to the united states District court, 2500 tulare street, Ste 1501 fresno, CA 93721

Cecil Dewitt Nelson

## CERTIFICATE OF MAILING

On this the    10    DAY OF December    2020, this Motion was placed in First Class mail postage prepaid.

Cecil Dewitt Nelson

IV

REASON FOR GRANTING RELIEF

GROUND ONE: Ineffective Assistance of Counsel
Counsel failed to inform the petitioner the nature of the
arraignment proceedings according to petitioner six(6)
Amendment right. The U.S. Asst. Attorney billed the
petitioner, then established/execute a bond/contract, then
made claim on the petitioner for not performing the terms of
the bond which resulted in the petitioner's prosecution and
imprisonment. Had the petitioner known the nature of the
proceedings, the petitioner could've avoided prosecution and
imprisonment by posting a bond or some other stipulation to
satisfy the bond/contract for his release.

SUPPORTING FACTS "A": See Law Dictionary Copy Right(C)2002
True Bill Indictment. Also See Title 21 U.S.C.§853
(a),(c),(d),(B)(1),(2); and (E)(1) protective orders on
execution of satisfactory performance bond (state level are
standard forms 24, 25, 25a, federal level are standard forms
273, 274, 275 bonds in a a penal sum value). Also See
Commercial Code Title 28, Subtitle II. Chapter 25. 28-2502
Bond in a penal sum containing an avoidance condition, and 28
U.S.C.§2464 and 822 F2d 481:: United States V. Holmes: July 7,
1987 5th Cir: On release or satisfaction or discharge upon
payment. Also See Records keep in the judges chambers by
judges chambers clerk Judge Randall Hall.

Ground Two: Real Defense 28:3-305 (1),(2),(C) against paying

instrument that was execute through fraud. Called fraud in the factum, and inducement. The U.S. Attorney Office billed the petitioner with a TRUE BILL indictment then had him brought in the courtroom in handcuffs. This action deceived the petitioner making him think that the proceeding (arraignment hearing) was a criminal proceeding. When the judge ask the petitioner did he understand the charges that's being held against him the petitioner answer yes, because he understood that because he was brought into the courtroom in handcuffs that he was being charged in a criminal proceedings, this action has gotten the petitioner to orally accept the bond/contract on record. When the instrument was signed at the proceeding it was signed with neither knowledge nor reasonable opportunity to obtain knowledge of it's character or essential terms. Bill and bonds are termed under 18 U.S.C.§8 as obligations/securities which are bank notes all this is a civil matters, which have nothing to do with criminal proceedings because of the deception and fraud in the factum this renders the bond void, fraud in the inducement renders the bond voidable which the petitioner from all obligations including the sentence of the judgement.

Supporting Facts "B": See 18 U.S.C.§8 Obligations/Securities of the U.S.(circulating currency) See 21 U.S.C.§853(e)(1) on execution of performance bond. See REAL DEFENSE 28:3-303(1),(2)(c) state commercial code: fraud in the factum when a person signs a instrument with neither knowledge nor reasonable opportunity to obtain knowledge of it's character or essential term and fraud in the inducement (see Cancanon V.

Smith, Barney, Harris, Upham & co., 805 F.2d 998(1986); First
National Bank of Odess a V. Fazzari, 10 N.Y. 2d 394, 223 N.Y.
S.2d 483, 485, 179 N.E.2d 493(1961); Centronics Financial
Corp. V. El Conquistador, 573 F.2d 779, 782 (2nd Cir. 1978);
Nernon V. Resolution Trust Corp., 907 F.2d 1101 (11th Cir
1990); Gunter V. Hutcheon, 674 F.2d 862, 873 (11th Cir.);
Federal Saving and Loans INS. Corp. V. Gordy, 928 F.2d
1559(11th Cir. 1991);FDIC V. Lattimore Land Corporation, 653
F.2d 139(5th Cir.1981)


Ground Three: Unlawful execution of a judgement imposed and
executed in violation of fifth, thirteenth, and fourteenth
amendment under 18 U.S.C.§1581 and 1584(peonage; obstructing
enforcement and sale into involuntary servitude. Also Sixth
Amendment. Each count of the indictment has a minimum and
maximum penalty of imprisonment or a maximum fine(see
presentence investigation report) This indicates that I can be
forced to serve the term of imprisonment or pay the fine, not
both. The U.S. Attorneys Office executed a Bond/contract
(Standard Form 273, 274, and 275) in a penal sum value.
According to 31 U.S.C.§1501, 3123 and 18 U.S.C.§8 the bond
that the U.S. Attorney Office executed is a type one security
instrument that is full guaranteed as to principal and
interest by any agency of the U.S.(see 12 C.F.R. Chapter II.
subpart B. Section 270. 2(a),(B),(c). Since the U.S. Attorney
Office received a security/payment for the charges, I cannot
in addition be incarcerated. Also the petitioner contends that
the violations of law that occurred in these cases are similar
to these occurring in his own case-particularly with respect

to the indictments and jury instructions and interpretations of statues which are unconstitutional to sentence the petitioner to consecutive special assessments upon purely concurrent sentences pursuant to 18 U.S.C§3013 (Double Jeopardy Violations)

Supporting Facts "C":21 U.S.C.§853(a),(B)(1),(2),(e)(1); See 31 U.S.C.§1501,3123 18 U.S.C.§8; See 12 C.F.R. Chapter II. subpart B. Section 270.2(a),(B),(c); Audita Querela is certainly the proper remedy to correct an unlawfully imposed and executed sentencing judgement in a federal court. See, U.S. V. Holland, 390 F. Supp. 2d 1264(N.D.Ala July 8, 2008), citing inter alia, U.S. V. Johnson, 938 F.2d 216 (11th Cir.1993). See V. U.S., 481 U.S. 736(1987) reaffirmed by Rutledge V. U.S., 517 U.S. 292(1996); U.S. V. Maka, 237 Fed. Appx. 225(9th Cir 2007). See: Payment of the unlawfully imposed and unauthorized fine constitutes satisfaction of the judgement as to the Sentence-Barring further imprisonment, Ex parte Lange, 85 U.S. (18 wall) 163, 21 L.Ed. 2d 872 (1873); U.S. V. Holmes, 822 F.2d 481, 496 at D.(5th Cir. 1987)(Payment of the illegal fine and special assessment constituted satisfaction of the judgement barring further imprisonment.)

Ground Four: Security deposited with the clerk of court for the claim on case# 6\2-0000.5 in the U.S. District Court Southern District of Georgia(Savannah). According to Rule 67(a),(B) If any part of the relief sought is a money judgement or the disposition of a sum of money or some other thing, a party-on notice to every other party and by leave of

court-may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The maximum fine of each charge is a money judgement (See presentence investigation report) a security has been deposited upon notice to all parties. Payment has been made.

Supporting facts "C": See record of the clerk office all money deposit will be deposited with the treasurer of the U.S. in the name and to the credit of such court.

Ground five: prosecutor and counsel mr. burns committed fraud upon the court, violated the due procees rights (6) amendment, cruel and unusual punishment, and ineffective assistance of counsel.

This prosecutor and cousel mr. burns forged, cut, and pasted the same exact signatures and dates on two different amended documents one 14 pages and one 17 pages. counsel mr. burns filed the 17 page amended plea-agreement with the district court without my authorization or consent.

counsel mr. burns approached cecil dewitt nelson with a plea-agreement that was binded into 120 months term of imprisonment which i initialed everypage, and siged to agree with upon the term. january 29, 2013 i was sentenced to a life sentence different than what i initialed every page to agree upon and signed his signature on the last page, like counsel mr.burns admitted in his email message. (see email message).

This is fraud based on the false plea-agreement. The sentece was based on a plea-agreement, the judgement is based on a plea-agreement. Due to the fraud that was committed upon the court these two amended plea-agreements are null and void no valid plea-agreemant exist the only rebuttal is by proof of the original contract signed on 8-16-2012. with an evidentiary hearing at this courts earliest conveyance. The fraud upon the court by prosecutor and counsel mr. burns in this court require dismissal of the case.

supporting facts: see signature pages of both amended plea-
agreements. Handwriting expert letter and opinion, Email
message from counsel mr.burns after he sent me the 17 page
plea-agreement without the initials on everypage after the
sentencing, Letter from counsel mr. burns dated august 23,
2016 with the 14 page amended plea-agreement attached, And the
altered transcripts pages 46 and 47 where the prosecutor
indicated he only conveyed one ple-agreement to this counsel
mr. burns and theres two amended plea-agreements.

GROUND SIX: TRIAL Counsel Was ineffective When he failed to transmit all offers Made by the government to the defendant Which Was an absolute. requirement of the defense Counsel. SEE MISSOURIB V. FRYE 132 S.CT 1389,1409 182 L.ED. 2d 379 (2012)

Supporting facts: See EXHIBITS 1-6 AND THE 14 and 17 Page Plea-agreements, HANDWriting Expert Letter and opinion, Email Message, Letter from trial counsel, Page. 46 and 47 of the altered record.

EXHIBIT #1

*Handwriting Expert, LLC*
*Curt Baggett*
Expert Document Examiner
908 Audelia Road, Suite 200-245
Richardson, Texas 75081
Phone:  972.644.0285
Fax:  972.644.5233
*cbhandwriting@gmail.com*
*www.ExpertDocumentExaminer.com*

Questioned Document Examiner Letter

Subject: Cecil DeWitt Nelson
Date: April 3, 2017

I have examined seven (7) documents with the known handwriting and signatures of Cecil DeWitt Nelson. For the purpose of this examination I have labeled these exhibits 'K1' through 'K7'.

Today I have compared the handwriting and signatures of Cecil DeWitt Nelson on the 'K' documents to the signatures on the questioned documents, identified herein as 'Q1' and 'Q2', to determine if the author of the Cecil DeWitt Nelson handwriting and signatures on the 'K' documents was the same person who authored the name of Cecil DeWitt Nelson on the questioned documents: Plea Agreement (17 pages) dated 8/16/12 and a Plea Agreement dated 8/16/12 (14 pages) and purportedly signed by Cecil DeWitt Nelson.

An examination of handwriting includes establishing patterns of writing habits to help identify the author. Handwriting is formed by repeated habits of writing by the author, which are created by neuro-pathways established in the brain. These neuro-pathways control muscular and nerve movement for writing, whether the writing done is by the hand, foot or mouth.

In support of my opinion, I have included an excerpt from *Handwriting Identification, Facts and Fundamentals* by Roy A. Huber and A.M. Headrick (CRC Press LLC, 1999, pp 50-51) wherein the leading forefathers of document examination in the USA agree that one significant difference in the fundamental structure of a writing compared to another is enough to preclude common authorship:

[Ordway] Hilton stated: "It is basic axiom of identification in document problems that a limited number of basic differences, even in the face of numerous strong similarities, are controlling and accurately establish nonidentity."

[Wilson R.] Harrison made similar comments: "...the fundamental rule which admits of no exception when handwritings are being compared...is simple – whatever features two specimens of handwriting may have in common, they cannot be considered to be of common authorship if they display but a single consistent dissimilarity in any feature

which is fundamental to the structure of the handwriting, and whose presence is not capable of reasonable explanation."

[James V.P.] Conway expressed the same theme when he wrote: "A series of fundamental agreements in identifying individualities is requisite to the conclusion that two writings were authored by the same person, whereas a single fundamental difference in an identifying individuality between two writings precludes the conclusion that they were executed by the same person."

and finally,

[Albert S.] Osborn and others have generally agreed that despite numerous similarities in two sets of writings, a conclusion of identify cannot be made if there is one or more differences in fundamental features of the writings.

Based upon thorough analysis of these items, and from an application of accepted forensic document examination tools, principles and techniques, it is my professional expert opinion that a different person authored the name of Cecil DeWitt Nelson on the questioned documents. Someone did indeed forge the signature of Cecil DeWitt Nelson on the questioned documents 'Q1' and 'Q2'.

Furthermore, the signature of Cecil DeWitt Nelson, the signature of David Burns, and the date of 8/16/12 are identical on both 'Q1' and 'Q2'. These are obviously fraudulent documents.

I am willing to testify to this fact in a court of law and I will prove to the Court that my opinion is the forged signature of Cecil DeWitt Nelson and the signature of David Burns have been cut and pasted on each separate document, 'Q1' and 'Q2'. My Curriculum Vitae is attached and incorporated herein by reference.

Respectfully submitted,

Curt Baggett

The above Letter of Opinion was sworn and subscribed before me by Curt Baggett this 3ᵈ day of _April_, 2017.

State of Texas             §
                        §
                        §
County of Dallas           §

Notary Public – State of Texas

PATRICIA J. HALE
Notary Public, State of Texas
Comm. Expires 02-05-2020
Notary ID 130525886

I have read the foregoing Plea Agreement, consisting of 17 pages, including this one, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.

_____
CECIL DEWITT NELSON
Defendant

_____
David Burns, Esq.
Attorney for the Defendant

_____8/16/12_____
Date

*Signature Page of Plea Agreement*



EXHIBIT 3

I have read the foregoing Plea Agreement, consisting of 14 pages, including this one, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.

CECIL DEWITT NELSON
Defendant

David Burns, Esq.
Attorney for the Defendant

8/16/12
Date

14

Signature Page of Plea Agreement



GOK
EXHIBIT
02

RULINCS  17256021 - NELSON, CECIL DEWITT - Unit: COP-M-A

FROM: Burns, David
ID: 17256021
SUBJECT: RE: PLEA AGREEMENT
DATE: 09/30/2013 02:38:30 PM

All discovery on the case was provided by disc.  The discs contain all of the paper discovery on the case (reports, transcripts, lab results, summaries of interviews, photographs, maps, phone records, phone tower records, etc)  in addition to a significant amount of data that relate to the cell phone records.

CECIL DEWITT NELSON on 9/28/2013 6:35:36 AM wrote
mr burns what does thes disc consist of anyway
——Burns, David on 9/26/2013 12:02 PM wrote:

>

Cecil

I have cleared the discs to be released to whomever you want them released.  That person will need to bring a valid, government issued photo ID in order accept the discs.

BEFORE THAT OCCURS, I will need you to respond to this email that (a) you wish to me release them directly to him or her and (b) that you release me and my law office from any further legal obligation regarding the discs or the contents thereof.  Once I receive this, the discs will be available for pick-up.

And just so I understand this correctly, you didn't sign any plea work; but if you did, you initialed every page.

David M. Burns. Jr.

CECIL DEWITT NELSON on 9/24/2013 7:53:49 AM wrote
MR BURNS I ALSO WANTED TO TELL YOU THAT THIS PLEA AGREEMENT NOT THE SAME ONE THAT I SIGNED IF YOU REMEMBER I HAD I INITIAL EVERY PAGE THIS ONE DOES NOT HAVE THAT WHER IS THE ORIGINAL PLEA

In Appendix-F, Page #11
Stated that. The plea agreement was reduced
to writing and was placed on the record.
Thus, Appellant's plea agreement was originally
signed had his initials on every single page
So this plea agreement on the record is not
the one he signed for a



*David Michael Burns, Jr.*

ATTORNEY AT LAW

MAILING ADDRESS:
102 EAST LIBERTY STREET, 8TH FLOOR
SAVANNAH, GEORGIA 31401

TELEPHONE (912)233-2570
FACSIMILE (912)231-9157
ATTORNEYDAVIDBURNS@GMAIL.COM

August 23, 2016

ATTN: CECIL D. NELSON
#17256-021
U.S. Penitentiary- Canaan
P.O. Box 300
Waymart, PA 18472
(ATTORNEY-CLIENT PRIVILEGED)

RE: United States of America vs. Cecil Nelson CR612-5

Dear Mr. Nelson:

Enclosed is the plea paperwork related to your indictment in case number CR612-5. As you are well aware, this has previously been provided to you. There is no other plea paperwork, despite your claims to the contrary. All of my materials were previously turned over to you personally, or to your family, at your request.

Sincerely;

David M. Burns, Jr.

Cc: Steven Conner, Asst. Director, CAP

Cecil Dewitt Nelson - 8-16-2012
Examination by The Court

1   to him I haven't about that?

2       MR. RAFFERTY:   No, Your Honor.

3       MR. BURNS:   No, sir.

4       THE COURT:   All right.

5       Q    (By The Court) Do you understand completely what

6   I've said, Mr.Nelson, about that?

7   A.   Yes, sir.

8   Q.   All right.  There again, I tell you parole has been

9   abolished.  The sentence must be served.

10      Did you see all of the documents and material that you

11  wanted to see that Mr.Burns received from the government in

12  his conferences with the prosecutors?

13  A.   Yes, sir.

14  Q.   Now you know there has been a recent Supreme Court

15  decision, *Fry*, I have it here somewhere, about the absolute

16  requirement of defense counsel to transmit any offer by the

17  government to the defendant.

18      *Missouri v. Fry* that was decided in March of this year.

19      Are you familiar with that decision, Mr. Burns?

20      MR. BURNS:   I am.

21      THE COURT:   Did you keep Mr.Nelson, your client, abreast

22  of everything the government had offered or discussed in the

23  way of negotiations?

24      MR. BURNS:   I did, Your Honor.  I think this was the only

25  plea offer that has been made.  It was made, and previously

If there was only one plea how D.D I reject he.

Cecil Dewitt Nelson — 8-16-2012
Examination by The Court

1  rejected, and then it was accepted yesterday.

2      THE COURT:   Mr. Rafferty, as the chief prosecutor, is that

3  consistent?

4      MR. RAFFERTY:   That is correct, Your Honor.  The only

5  plea offer that has been formally conveyed to counsel was this

6  plea offer here.

7      THE COURT:   All right.  And I believe that.

8      Q    (By The Court) Now did Mr. Burns have your

9  permission to approach the government about this plea

10  agreement?

11  A.    Yes, sir.

12  Q.    Did he try to force you to do that?

13  A.    No, sir.

14  Q.    Did he give you what his best advice was, but did you

15  always understand it was you that would make the decision, not

16  Mr. Burns, not anyone else?

17  A.    Yes, sir.

18  Q.    And do you understand the plea agreement?

19  A.    Yes, sir.

20  Q.    Did you have a chance to discuss it with your lawyer?

21  A.    Yes, sir.

22  Q.    And I'm going to ask him to review.  I just wanted the

23  waiver.

24      THE COURT:   Mr. Rafferty, would you come back and explain

25  the plea agreement, or summarize it?

# Chase Law Florida, P.A.

State and Federal Criminal Appeals, Post-Conviction Motions, & Habeas Corpus Petitions
111 2nd Ave NE, Ste. 334, St. Petersburg, FL 33701 | dane@chaselawfloridapa.com
Phone: 727-350-0361 | Facsimile: 866-284-1306
www.chaselawfloridapa.com

*CONCLUSION*

This document is important. CLIENT must understand all of the terms of our legal relationship, as this understanding will give both CLIENT and ATTORNEY a firm foundation for our legal relationship. By a signature below, CLIENT hereby represents that proceeds tendered by CLIENT or a third party payor for payment of fees and costs, including attorney fees, oral argument fees, post-conviction motion hearing fees and due process costs, are not illegal and actually derive from legal sources. By a signature below, CLIENT has been told, recognizes and understands that ATTORNEY has made no guarantee promising the success or outcome of this case. Any past results of ATTORNEY is an indication of ATTORNEY'S experience and qualifications and does *not* in any way guarantee future success or results. CLIENT acknowledges this is impossible. By a signature below, CLIENT agrees to allow publication of the details of any result obtained in this case to a third party. By a signature below, CLIENT swears or affirms that CLIENT has read, understands and agrees to every word in this fee agreement before signing it and was given an exact copy of it (if requested).

Client's Signature: _Cecil Bartlett Nelson_____   Date: _11-29-2013_

Attorney's Signature: _____   Date: _____



From: Cecil Dewitt Nelson # 17256-021                    2-13-2017
        Po Box 300
        Waymart, PA 18472

To: Mr. Cyrus baggett


    Mr. Baggett,

This Misconduct in the plea process created grave doubt that how one signature and date
page applied to both amended plea agreements and where is the original plea that I
Initialed on every page as mr. Burns email stated? Mr. Burns submitted the last amended
plea agreement attached the signature page with date attached to it without my
consent, knowledge, and authority. The identical signatures and dates applied to both pages
# 14 and 17, it is very clear and sufficient that concluded that the government and my
ineffective counsel mr. Burns conspired each other to commit this misconduct. mr. Burns
stated very clear that I did not sign the plea work, the record show the same
signatures on both pages 14 and 17 attached to two different plea agreements. That
I never seen or signed and initialed and agreed upon. Im sending you copies of things
with my signatures on them thank you for your time and help.


                                        Cecil Dewitt Nelson

GOX
EXHIBIT
R2

Case # 13-11311-BB

U.S. COURT OF APPEALS
RECEIVED
NOV 06 2013
ATLANTA, GA.

_____ of filing/mailing

THIS is to certify That I have on this Day Served all Parties in this Case in accordance with Mailing To the Court of appeals

I hereby Certify That on December 4 of 2013 I Served a copy of the foregoing affidavits Response To Anders Brief personally BY mailing Such Documents to:

The Court of Appeals
Eleventh Circuit
56 Forsyth Street NW.
ATlanta GA 30303

Via First Class mail with Postage Prepaid and affixed at
Coleman USP I
Coleman FL 33521

CDE
EXHIBIT
K3

Cecil Dewitt Nelson
Cecil Dewitt Nelson 11-4-2013

IN The

United STATes Courts of Appeals

United STates OF America

VS.                                    Case number: 13-11316-BB

Cecil Deprit Nelson

DefenDant Appellant

DefenDant Respectfully Comes Forward to present letter/Email
From Counsel (April The 3rd 2013 03:01:03) Pro Counsel and
DefenDant Dismiss This Several Times how the habeas Corpus Works
Now with the new plea agreement DefenDant Can't even file a
2255 After I filed for another Appellant Counsel Now My plea is
Different and the Transcripts Being the plea agreement has Been Blatent

Cecil Nelson. 8-10-2013
Cecil Nelson

EXHIBIT
K4

Courts of Appeals                    Case # 13-11316-BB

IN The
United States Courts of Appeals

United States of America

VS:

Cecil DeWitt Nelson
Defendant Appellant

Motion of Affidavit from Counsel

Defendant Recieved a 17 page Plea agreement from Counsel
Defendant Noticed it was not initialed and had a Asset of
Forfeiture added. Defendant emailed Counsel and tell him that
The Plea agreement was not the Right one that I was made to
initial every page and he Respons that Just so he Understands
Correctly You Didn't Sign any Plea week, but if You DID you initialed
every page. Counsel Knows for a fact he Read every page to me and
I initialed every page Just like he Knows these Transcripts Are
not accurate at all.

CDB
EXHIBIT
K5

Cecil DeWitt Nelson 11-11-2013
Cecil DeWitt Nelson

From: Cecil DeWitt Nelson # 17256-021                    11-16-2016
        Po Box 300
        Waymart, PA 18472

To: Mr. Curt Bagget


Mr. Bagget,

    I hope and pray by the time this letter Reachs you it would find you in the Best
of health. I'm writing you today I need your help in the worst way. I never authorize
My attorney to amend the original plea agreement at all. This Counsel and Prosecutor
Removed the agreed 120 months term of imprisonment out of the original plea
agreement which had My initials on everypage as Mr. Burns admitted in his email Message.
This Counsels Dishonesty, Badfaith, deceitful conspiracy with prosecutor to amend, reduce, Remove,
close without My authorization. Mr. Burns a licensed attorney under georgia State Bar
Shirked his Duty as an advocate, a servant of laws and ethical profession to serve his Client
at his best abilitis. Counsel owes his Client a duty of loyalty Client should be
deserved and served with honesty, fairness, and ethical profession which has been failed
by counsel. on August 23, 2016 I Received a letter from Mr. Burns indicating there is
No other plea work. this Counsel sent Me two Different plea agreements One 14
pages and one 17 pages Neither one of these I've ever seen Both of these on the Same
Day. I only signed and initialed one plea agreement Neither one of these has My initials on
everypage like I Did or like this Counsel admitted in his email Message, Mr. Burns had
the Chance to take Responsibility for his bad faith, dishonesty, and deceit towards his Client
But his Dishonesty was not willing to tell the Truth.

                          Misconduct in the plea process

3 pages of summary of plea I Never Seen and 2nd set contains 14 pages. Both plea Sets had the same signatures and dates. Both Sets were amended from the original plea which had my initials on every page as the Defense Counsel admitted in his email message. Obvious question and curiosity in this findings as follows: 1. How the two sets of amended pleas have the same signature of government counsel, and me including date appeared on the last pages 16-17 and 14. See copies to compare. 2. Thus which set of amended pleas had all signature appropriately applied. 3. It is very Doubtful and obvious that my original plea copies should have my initials on every page as counsel said was hidden or possibly Destroyed and this original plea should have the same signatures as the 17 page amended plea and the 14 page plea as well. Thus, this mystery created alot of Doubt and violated the Due process clause and rendered those sets of amended pleas including the original plea involuntarily. Please look at Both and realize those Sets of amended pleas and tell me your legal analysis and investigate this misconduct to Find out where is my initialed original plea since the amended pleas contained the same weird signatures and Date, but both are differentiated by adding pages and the summary pages. Thanks May god bless you and your family members with happiness, safety, harmony, and long life to enjoy,

Cecil Dewitt, Nelson

My family also visited the courts in Savannah, GA to Review the file Records told them They have no file for My criminal case and the US Marshal has the original plea agreement they contact the Marshals they said they Don't have that I knew this but I want to make sure They Trying to hide this fraud I'm not sure if you can go to the courts and review the original plea To prove this frauds



Case 8:12-cr-00000-SAL-CRS   Document 215   Filed 07/05/13

M.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA | ) | SUPERSEDING |
| | ) | INDICTMENT NO.  CR 612-5 |
| v. | ) | |
| | ) | VIOS: |
| | ) | |
| CECIL DEWITT NELSON, | ) | 18 U.S.C. § 1201(c) |
| aka "Red" | ) | Conspiracy to Kidnap |
| | ) | |
| | ) | 18 U.S.C. § 1201(a)(1) |
| | ) | Kidnapping |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 924(c)(1)(A) and (C) |
| | ) | Use of a Firearm in Furtherance of |
| | ) | a Crime of Violence |
| | ) | |
| | ) | 18 U.S.C. § 1001 |
| | ) | False Statements |
| | ) | |
| | ) | 18 U.S.C. § 1512(c)(2) |
| | ) | Obstruction of Justice |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | Aiding and Abetting |

## PLEA AGREEMENT

Edward J. Tarver, United States Attorney, by and through the undersigned Assistant

United States Attorneys, and David Burns, Esq., attorney for the defendant, pursuant to the

provisions of Fed. R. Crim. P. 11, as amended, have, with the authorization of the undersigned

1/17



Minimum Mandatory NO
Rule 35/5K1.1 YES
Appeal Waiver YES
Asset Forfeiture NO

I never signed off on this

Different from what I see in plea agreement

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
)
CECIL DEWITT NELSON, )
aka "Red" )
)
)
)
Defendant. )
)
)
)
)
)
)
)
)
)
)

SUPERSEDING
ENDICTMENT NO. CR 612-5

VIOS:

18 U.S.C. § 1201(c)
Conspiracy to Kidnap

18 U.S.C. § 1201(a)(1)
Kidnapping

18 U.S.C. § 924(c)(1)(A) and (C)
Use of a Firearm in Furtherance of
a Crime of Violence

18 U.S.C. § 1001
False Statements

18 U.S.C. § 1512(c)(2)
Obstruction of Justice

18 U.S.C. § 2
Aiding and Abetting

I was never charge with this

## PLEA AGREEMENT

Edward J. Tarver, United States Attorney, by and through the undersigned Assistant

United States Attorneys, and David Burns, Esq., attorney for the defendant, pursuant to the

provisions of Fed. R. Crim. P. 11, as amended, have, with the authorization of the undersigned



Minimum Mandatory <u>NO</u>
Rule 35/5K1.1 <u>YES</u>
Appeal Waiver <u>YES</u>
Asset Forfeiture <u>YES</u>

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | SUPERSEDING |
| ) | INDICTMENT NO. CR 612-5 |
| v. ) | |
| ) | VIOS: |
| ) | |
| ) | 18 U.S.C. § 1201(c) |
| CECIL DEWITT NELSON, ) | Conspiracy to Kidnap |
| aka "Red" ) | |
| ) | 18 U.S.C. § 1201(a)(1) |
| ) | Kidnapping |
| ) | |
| ) | 18 U.S.C. § 924(c)(1)(A) and (C) |
| Defendant ) | Use of a Firearm in Furtherance of a |
| ) | Crime of Violence |
| ) | |
| ) | 18 U.S.C. § 1001 |
| ) | False Statements |
| ) | |
| ) | 18 U.S.C. § 1512(c)(2) |
| ) | Obstruction of Justice |
| ) | |
| ) | 18 U.S.C. § 2 |
| | Aiding and Abetting |

<u>SUMMARY OF PLEA AGREEMENT</u>

<u>DEFENSE COUNSEL</u>:

David Burns, Esq.

<u>STATUTES CHARGED</u>:

Count One - 18 U.S.C. § 1201(c) - Conspiracy to Kidnap
Counts Two Through Three - 18 U.S.C. § 1201(a)(1) - Kidnapping
Counts Four through Six - 18 U.S.C. § 924(c)(1)(A) and (C)- Use of a Firearm in Furtherance of a Crime of Violence
Counts Seven Through Ten - 18 U.S.C. § 1001 - False Statements

## COUNT PLEADING TO:

Count One - 18 U.S.C. § 1201(c) - Conspiracy to Kidnap

## MAXIMUM STATUTORY PENALTY:

Imprisonment for not more than Life or
a fine of $250,000, or both;
a Special Assessment of $100; and
a period of Supervised Release for
not more than 5 years.

## ELEMENTS OF THE OFFENSE:

| | |
|---|---|
| First: | Two or more persons agreed in some way to kidnap; |
| Second: | The defendant knowingly and willfully became a member of the conspiracy; |
| Third: | During the conspiracy, at least one of the conspirators knowingly engaged in at least one overt act as charged in the indictment; |
| Fourth: | The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. |

## SUMMARY OF GOVERNMENT'S PROMISES:

Provided the Defendant truthfully admits the offense and all relevant conduct to the Government, Court and Probation Office, and does not engage in any additional criminal conduct from the time of his initial appearance in this case, the Government agrees:

a. To not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines

b. That any information the defendant provides to the government concerning his unlawful activities, in accordance with § 1B1.8, will not be used

ii

against the defendant, nor will it be used in determining the applicable guideline range;

c.  To move to dismiss the remaining counts in the Superseding Indictment as to this Defendant; and,

d.  Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant, and to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1.

## SUMMARY OF DEFENDANT'S PROMISES:

a.  Plead guilty to Count One of the Superseding Indictment;

b.  Acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;

c.  To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guidelines range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence;

d.  Consent to the FOIA waivers described hereafter;

e.  Cooperate with the government in its continuing investigation of the offenses underlying the Indictment in this case, including that the defendant will testify truthfully at grand jury and trial, if necessary, as to his knowledge of such offenses;

f.  To forfeit (1) $14,081 in U.S. Currency plus any and all interest that may have accrued on the currency since the time of seizure; (2) a 2002 Cadillac DeVille DTS, 4 door, black in color, VIN: 1G6KF57982U168685; and (3) a 2011 EZGO 2 + 2 Golf Cart, with Custom Wheels and CD Player, Serial Number 2733155; all of which represent proceeds traceable to the commission of the offense, 18 U.S.C. § 1201(c)(Conspiracy to Kidnap); and,

g.  Pay on the date of sentencing any assessments imposed by the Court.

iii

M.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | SUPERSEDING |
| ) | INDICTMENT NO.  CR 612-5 |
| ) | |
| v. ) | VIOS: |
| ) | |
| ) | 18 U.S.C. § 1201(c) |
| CECIL DEWITT NELSON, ) | Conspiracy to Kidnap |
| aka "Red" ) | |
| ) | 18 U.S.C. § 1201(a)(1) |
| ) | Kidnapping |
| ) | |
| ) | 18 U.S.C. § 924(c)(1)(A) and (C) |
| Defendant. ) | Use of a Firearm in Furtherance of |
| ) | a Crime of Violence |
| ) | |
| ) | 18 U.S.C. § 1001 |
| ) | False Statements |
| ) | |
| ) | 18 U.S.C. § 1512(c)(2) |
| ) | Obstruction of Justice |
| ) | |
| ) | 18 U.S.C. § 2 |
| ) | Aiding and Abetting |

PLEA AGREEMENT

Edward J. Tarver, United States Attorney, by and through the undersigned Assistant

United States Attorneys, and David Burns, Esq., attorney for the defendant, pursuant to the

provisions of Fed. R. Crim. P. 11, as amended, have, with the authorization of the undersigned

1/17

defendant, heretofore entered into discussions with a view toward reaching a pretrial conclusion of the charges pending in the Superseding Indictment styled above, and a plea agreement has been reached by said parties in the following respects:

I.      GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT

Upon the defendant's entry of a plea of guilty to the offense charged in Count One of the Superseding Indictment, his full compliance with all promises made as a part of this agreement, and his adherence to all representations and understandings recited herein, the attorney for the government will do the following:

A.      To not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines;

B.      That any information the defendant provides to the government concerning his unlawful activities, in accordance with § 1B1.8, will not be used against the defendant, nor will it be used in determining the applicable guideline range;

C.      To move to dismiss the remaining counts in the Superseding Indictment as to this Defendant; and,

D.      Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

II.     DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT

The obligations of the defendant under this agreement are as follows:

A.      The defendant is required to plead guilty to Count 1 of the Superseding Indictment;

2/17

B.   The defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth in paragraph III herein.

C.   LIMITED WAIVER OF APPEAL.   To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guidelines range as found by the sentencing court.  The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

D.   FOIA AND PRIVACY ACT WAIVER.   The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

E.     The defendant agrees to pay the mandatory special assessment of $100 to the U.S. District Court Clerk at or before sentencing.

F.     The defendant understands that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Debt Collections Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief, and agrees to make an honest, good faith effort to pay said fines as directed by the financial litigation section of the United States Attorney's Office.

G.     Forfeiture:

        1.     Defendant hereby forfeits all right, title and interest in the following assets:

        (a)     $2,000 in United States Currency, seized from the home of CECIL DEWITT NELSON, aka "Red" on January 22, 2012, plus any and all interest that may have accrued on the currency since the time of seizure;

        (b)     $2,081 in United States Currency, which was seized from the truck operated by CECIL DEWITT NELSON, aka "Red" on January 22, 2012, plus any and all interest that may have accrued on the currency since the time of seizure;

4

©    $10,000 in United States currency, seized from Angel Williams, plus any and all interest that may have accrued on the currency since the time of the seizure;

(d)    A 2002 Cadillac DeVille DTS, 4 door, black in color, VIN: 1G6KF57982U168685; and,

(e)    A 2011 EZGO 2 + 2 Golf Cart, with Custom Wheels and CD Player, Serial Number 2733155.

2.    Defendant warrants that Defendant is the owner of all assets listed in paragraph G(1), and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

3.    Defendant agrees to the entry of an order of forfeiture of all assets listed in paragraph G(1) before sentencing.

4.    Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceedings, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture of such property and waives the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5.     In the event that any legitimate claim is made by a third party to any of the assets listed above, Defendant agrees to forfeit substitute assets equal in value to those assets legitimately claimed by a third party.

6.     Defendant agrees to take all steps requested by the United States to pass clear title to the currency to the United States and to testify truthfully in any judicial forfeiture proceeding.

7.     The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.

8.     The Defendant agrees to waive any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture. The Defendant stipulates that forfeiture of the above-referenced property is not constitutionally excessive and is justified in light of the offense for which the Defendant will be convicted upon entry of a guilty plea pursuant to this Plea Agreement.

9.     Defendant acknowledges that all of the currency covered by this agreement is subject to forfeiture as proceeds traceable to the commission of the offense, 18 U.S.C. § 1201(c) (Conspiracy to Kidnap).

6

Case 8.12-cr-000...

## H.  COOPERATION PROVISION

THE DEFENDANT AGREES:

1.  To provide full, complete, and candid cooperation with federal, state, and local authorities by following all reasonable requests of law enforcement agents, which may include, in addition to a full disclosure of all criminal activities of which the defendant has knowledge and a full and truthful answer to any question put to him by law enforcement officers, the affirmative gathering of evidence under the direction of law enforcement authorities (such as, but not limited to, wearing or operating recording or transmitting devices for the monitoring of conversations between the defendant and others, and the disclosure and relinquishment of any documents or physical items of evidentiary value in the defendant's possession or held for the defendant by others;

2.  To testify truthfully and completely before any grand jury, trial jury, or in any proceeding preliminary or ancillary thereto, to which the information provided under this agreement may pertain, and to waive any privileges which the defendant may have with regard to such testimony.

3.  That for the purpose of complying with the terms of this cooperation agreement, the defendant will meet with law enforcement agents and/or counsel for the government at times and places of their choosing, as may be necessary to discharge the defendant's obligations under this agreement, and in connection therewith the defendant waives any right to the presence of his counsel during such meetings.

THE DEFENDANT UNDERSTANDS AND AGREES:

7 /17

4.       That the defendant is required  at all times to give complete, truthful, and accurate evidence and testimony when call upon to do so by the government or another defendant; That the defendant is not called upon by this agreement nor any other to implicate any particular individual as to any particular illegal activity, nor to "make a case" against anyone; That the defendant's benefits under this agreement are conditioned solely upon his cooperation and truthfulness, and are IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding;

5.       That if there is any failure to completely fulfill the obligations of this agreement, then the government is thereby released from any commitment to honor its promises hereunder.  Thus, should the defendant knowingly give false, incomplete, or misleading testimony or information, or conceal material information, the government will be free to: prosecute the defendant for all violations of the criminal laws the defendant has committed, including those which the defendant disclosed as a part of the defendant's cooperation under this agreement; to use against the defendant in any prosecution or sentencing any statements the defendant made during the course of  cooperation under this agreement;  to seek and recommend maximum sentences and all applicable sentence enhancements on any conviction obtained; to seek forfeiture of any and all properties subject thereto; and to prosecute the defendant additionally for perjury, false statement, and obstruction of justice.  (If the parties disagree as to whether a breach of this agreement has occurred, the defendant agrees that the matter will be submitted to the court for resolution on a preponderance of the evidence standard, with the moving party bearing the burden of proof.)

8/19

6.     That the defendant must promptly turn over to government authorities or disclose the location of any evidence pertinent to the matter under indictment or matters disclosed as a part of the defendant's cooperation, such as, but not limited to, papers, documents, recordings (audio and video), photographs and any other physical items.

7.     The defendant agrees to waive all rights under the Speedy Trial Act, if necessary, to delay sentencing until the completion of substantial portions of the defendant's cooperation, so as to provide the sentencing court with all relevant information.

8.     If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

9.     The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure

9

or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.

III.   FACTUAL BASIS

The defendant understands that Count One of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that from on or about November 29, 2011 through on or about January 23, 2012, the exact dates being unknown to the Grand Jury, in Bryan County, Bulloch County, Chatham County, Liberty County, and elsewhere, within the Southern District of Georgia, the defendant herein,

CECIL DEWITT NELSON, aka "Red"

did knowingly and willfully combine, conspire, confederate, and agree with ANTONIO LAMONT MURRAY, aka "Mont", aka "Bo Hog" and others both known and unknown to the Grand Jury, to seize, confine, kidnap, abduct, and carry away T.M., and W.D., and hold them for ransom, and used a means, facility, and instrumentality of interstate commerce, to wit, cellular telephones, in furtherance of the objects of the conspiracy, in violation of Title 18, United States Code, Section 1201(a)(1).

Manner and Means of the Conspiracy

1.   It was a part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others, would arm themselves with firearms, masks and gloves.

2.   It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would forcibly enter homes and abduct residents of those homes at gunpoint.

10

3.    It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would blindfold and restrain the kidnapping victims, and confine the kidnapping victims against their will.

4.    It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would use cellular telephones to communicate with friends, family and business associates of the kidnapping victims, to demand the payment of ransom money in exchange for the release of the kidnapping victims.

5.    It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would distribute and cause the distribution of the cash proceeds of the kidnappings amongst themselves and others both known and unknown to the Grand Jury.

6.    It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would make false statements to law enforcement officers and others, and otherwise obstruct justice, all in an effort to disguise and conceal the identities and activities of the conspirators.

## Overt Acts in Furtherance of the Conspiracy

7.    In furtherance of the conspiracy, and to effect the objects thereof, the Defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, committed the following overt acts, among others:

11

A.     On or about December 1, 2011, the defendants forcibly entered the home of T.M., in Richmond Hill, Georgia, and abducted T.M. at gunpoint.

B.     Between on or about December 1, 2011 and December 2, 2011, the defendants confined T.M. in a trailer home located in Pembroke, Georgia.

C.     On or about December 2, 2011, the defendants used cellular telephones to order a business associate of T.M. to pay a ransom of $19,000 to secure the release of T.M. without harm.

D.     On or about December 2, 2011, the defendants used cellular telephones to provide directions to the business associate of T.M., to a location in Bulloch County, Georgia, to drop the ransom money.

E.     On or about January 12, 2012, the defendants forcibly entered the home of W.D. in Pembroke, Georgia, and abducted W.D. at gunpoint.

F.     Between January 12, 2012 and January 13, 2012, the defendants confined W.D. in a trailer home located in Pembroke, Georgia.

G.     On or about January 13, 2012, the defendants used cellular telephones to order W.D.'s wife to pay a ransom of $250,000 to secure the release of W.D.

H.     On or about January 13, 2012, the defendants used cellular telephones to provide directions to W.D.'s wife, to different locations within the Southern District of Georgia, to drop the ransom money.

All in violation of Title 18, United States Code, Sections 2 and 1201(c).

IV.     DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT

Defendant makes the following additional representations to the Court:

12

A.     The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

B.     The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law, up to the statutory maximum sentence of life imprisonment, a fine up to $250,000, a term of supervised release of not more than five (5) years, and a special assessment of $100. The defendant also understands that in accordance with United States v. Booker, the Court, while not bound to apply the federal sentencing guidelines, must consult with those guidelines and take them into account to formulate a reasonable sentence.

C.     The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to conduct which were or are to be dismissed or for which the defendant was not charged in the Information, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's

13

sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney. The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw the guilty plea.

D.     The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the

14

defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

     E.     The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

     F.     The defendant represents to the Court that the defendant has been advised of the nature of the charges to which the pleas of guilty are to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering pleas of guilty, the Court will ask questions about the offenses to which the pleas are entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 16 th day of August 2012.

15

EDWARD J. TARVER
UNITED STATES ATTORNEY

James D. Durham
First Assistant United States Attorney

Brian T. Rafferty
Assistant United States Attorney
Criminal Division Chief

Carlton R. Bourne
Assistant United States Attorney

16

Case 6:12-cr-00005-BAE-GRS   Document 146   Filed 01/30/13   Page 20 of 21

I have read the foregoing Plea Agreement, consisting of 17 pages, including this one, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.


_____
CECIL DEWITT NELSON
Defendant


_____
David Burns, Esq.
Attorney for the Defendant


___8/16/12_____
Date


17.

*I never signed off this*

*Original never used plea agreement*

Minimum Mandatory NO
Rule 35/5K1.1 YES
Appeal Waiver YES
Asset Forfeiture NO

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA  )
               )
v.                  )
               )
CECIL DEWITT NELSON,   )
   aka "Red"          )
               )
               )
     Defendant.     )
               )
               )
               )
               )
               )
               )
               )
               )
               )
               )

SUPERSEDING
ENDICTMENT NO. CR 612-5

VIOS:

18 U.S.C. § 1201(c)
Conspiracy to Kidnap

18 U.S.C. § 1201(a)(1)
Kidnapping

18 U.S.C. § 924(c)(1)(A) and (C)
Use of a Firearm in Furtherance of
a Crime of Violence

18 U.S.C. § 1001
False Statements

18 U.S.C. § 1512(c)(2)
Obstruction of Justice

*I was never charged with this*

18 U.S.C. § 2
Aiding and Abetting

PLEA AGREEMENT

Edward J. Tarver, United States Attorney, by and through the undersigned Assistant

United States Attorneys, and David Burns, Esq., attorney for the defendant, pursuant to the

provisions of Fed. R. Crim. P. 11, as amended, have, with the authorization of the undersigned

defendant, heretofore entered into discussions with a view toward reaching a pretrial conclusion of the charges pending in the Superseding Indictment styled above, and a plea agreement has been reached by said parties in the following respects:

I.  GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT

Upon the defendant's entry of a plea of guilty to the offense charged in Count One of the Superseding Indictment, his full compliance with all promises made as a part of this agreement, and his adherence to all representations and understandings recited herein, the attorney for the government will do the following:

A.  To not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines;

B.  That any information the defendant provides to the government concerning his unlawful activities, in accordance with § 1B1.8, will not be used against the defendant, nor will it be used in determining the applicable guideline range;

C.  To move to dismiss the remaining counts in the Superseding Indictment as to this Defendant; and,

D.  Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

II.  DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT

The obligations of the defendant under this agreement are as follows:

A.  The defendant is required to plead guilty to Count 1 of the Superseding Indictment;

2

B.     The defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth in paragraph III herein.

C.     LIMITED WAIVER OF APPEAL. To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guidelines range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

D.     FOIA AND PRIVACY ACT WAIVER. The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

3

E.    The defendant agrees to pay the mandatory special assessment of $100 to the U.S. District Court Clerk at or before sentencing.

F.    The defendant understands that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Debt Collections Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief, and agrees to make an honest, good faith effort to pay said fines as directed by the financial litigation section of the United States Attorney's Office.

G.    COOPERATION PROVISION

THE DEFENDANT AGREES:

1.    To provide full, complete, and candid cooperation with federal, state, and local authorities by following all reasonable requests of law enforcement agents, which may include, in addition to a full disclosure of all criminal activities of which the defendant has knowledge and a full and truthful answer to any question put to him by law enforcement officers, the affirmative gathering of evidence under the direction of law enforcement authorities (such as, but not limited to, wearing or operating recording or transmitting devices for the monitoring of conversations between the defendant and others, and the disclosure and relinquishment of any documents or physical items of evidentiary value in the defendant's possession or held for the defendant by others;

4

2.    To testify truthfully and completely before any grand jury, trial jury, or in any proceeding preliminary or ancillary thereto, to which the information provided under this agreement may pertain, and to waive any privileges which the defendant may have with regard to such testimony.

3.    That for the purpose of complying with the terms of this cooperation agreement, the defendant will meet with law enforcement agents and/or counsel for the government at times and places of their choosing, as may be necessary to discharge the defendant's obligations under this agreement, and in connection therewith the defendant waives any right to the presence of his counsel during such meetings.

THE DEFENDANT UNDERSTANDS AND AGREES:

4. ·   That the defendant is required at all times to give complete, truthful, and accurate evidence and testimony when call upon to do so by the government or another defendant; That the defendant is not called upon by this agreement nor any other to implicate any particular individual as to any particular illegal activity, nor to "make a case" against anyone; That the defendant's benefits under this agreement are conditioned solely upon his cooperation and truthfulness, and are IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding;

5.    That if there is any failure to completely fulfill the obligations of this agreement, then the government is thereby released from any commitment to honor its promises hereunder. Thus, should the defendant knowingly give false, incomplete, or misleading testimony or information, or conceal material information, the government will be free to: prosecute the defendant for all violations of the criminal laws the defendant has committed,

5.

including those which the defendant disclosed as a part of the defendant's cooperation under this agreement; to use against the defendant in any prosecution or sentencing any statements the defendant made during the course of cooperation under this agreement; to seek and recommend maximum sentences and all applicable sentence enhancements on any conviction obtained; to seek forfeiture of any and all properties subject thereto; and to prosecute the defendant additionally for perjury, false statement, and obstruction of justice. (If the parties disagree as to whether a breach of this agreement has occurred, the defendant agrees that the matter will be submitted to the court for resolution on a preponderance of the evidence standard, with the moving party bearing the burden of proof.)

6.     That the defendant must promptly turn over to government authorities or disclose the location of any evidence pertinent to the matter under indictment or matters disclosed as a part of the defendant's cooperation, such as, but not limited to, papers, documents, recordings (audio and video), photographs and any other physical items.

7.     The defendant agrees to waive all rights under the Speedy Trial Act, if necessary, to delay sentencing until the completion of substantial portions of the defendant's cooperation, so as to provide the sentencing court with all relevant information.

8.     If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed

6

or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

   9. The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.

### III. FACTUAL BASIS

   The defendant understands that Count One of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that from on or about November 29, 2011 through on or about January 23, 2012, the exact dates being unknown to the Grand Jury, in Bryan County, Bulloch County, Chatham County, Liberty County, and elsewhere, within the Southern District of Georgia, the defendant herein,

CECIL DEWITT NELSON, aka "Red",

did knowingly and willfully combine, conspire, confederate, and agree with ANTONIO LAMONT MURRAY, aka "Mont", aka "Bo Hog" and others both known and unknown to the Grand Jury, to seize, confine, kidnap, abduct, and carry away T.M., and W.D., and hold them for ransom, and used a means, facility, and instrumentality of interstate commerce, to wit, cellular

telephones, in furtherance of the objects of the conspiracy, in violation of Title 18, United States Code, Section 1201(a)(1).

### Manner and Means of the Conspiracy

1.      It was a part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others, would arm themselves with firearms, masks and gloves.

2.      It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would forcibly enter homes and abduct residents of those homes at gunpoint.

3.      It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would blindfold and restrain the kidnapping victims, and confine the kidnapping victims against their will.

   4.      It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would use cellular telephones to communicate with friends, family and business associates of the kidnapping victims, to demand the payment of ransom money in exchange for the release of the kidnapping victims.

5.      It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would distribute and cause the distribution of the cash proceeds of the kidnappings amongst themselves and others both known and unknown to the Grand Jury.

8

6.     It was further part of the conspiracy and among its manner and means that the defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, would make false statements to law enforcement officers and others, and otherwise obstruct justice, all in an effort to disguise and conceal the identities and activities of the conspirators.

## Overt Acts in Furtherance of the Conspiracy

7.     In furtherance of the conspiracy, and to effect the objects thereof, the Defendants, aided and abetted by each other and others both known and unknown to the Grand Jury, committed the following overt acts, among others:

A.     On or about December 1, 2011, the defendants forcibly entered the home of T.M., in Richmond Hill, Georgia, and abducted T.M. at gunpoint.

B.     Between on or about December 1, 2011 and December 2, 2011, the defendants confined T.M. in a trailer home located in Pembroke, Georgia.

C.     On or about December 2, 2011, the defendants used cellular telephones to order a business associate of T.M. to pay a ransom of $19,000 to secure the release of T.M. without harm.

D.     On or about December 2, 2011, the defendants used cellular telephones to provide directions to the business associate of T.M., to a location in Bulloch County, Georgia, to drop the ransom money.

E.     On or about January 12, 2012, the defendants forcibly entered the home of W.D. in Pembroke, Georgia, and abducted W.D. at gunpoint.

F.     Between January 12, 2012 and January 13, 2012, the defendants confined W.D. in a trailer home located in Pembroke, Georgia.

9

G.     On or about January 13, 2012, the defendants used cellular telephones to order W.D.'s wife to pay a ransom of $250,000 to secure the release of W.D.

H.     On or about January 13, 2012, the defendants used cellular telephones to provide directions to W.D.'s wife, to different locations within the Southern District of Georgia, to drop the ransom money.

All in violation of Title 18, United States Code, Sections 2 and 1201(c).

IV.    DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT

Defendant makes the following additional representations to the Court:

A.    The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

.B.    The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law, up to the statutory maximum sentence of life imprisonment, a fine up to $250,000, a term of supervised release of not more than five (5) years, and a special assessment of $100. The defendant also understands that in accordance with United States v. Booker, the Court, while not bound to apply the federal

10

sentencing guidelines, must consult with those guidelines and take them into account to formulate a reasonable sentence.

C.     The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to conduct which were or are to be dismissed or for which the defendant was not charged in the Information, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney. The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw the guilty plea.

D.     The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent, that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment,

11

including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

     E.    The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

     F.    The defendant represents to the Court that the defendant has been advised of the nature of the charges to which the pleas of guilty are to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that

12

there will not be a further trial of any kind. The defendant further understands that in entering pleas of guilty, the Court will ask questions about the offenses to which the pleas are entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 16th day of August 2012.

EDWARD J. TARVER
UNITED STATES ATTORNEY

James D. Durham
First Assistant United States Attorney

Brian T. Rafferty
Assistant United States Attorney
Criminal Division Chief

Carlton R. Bourne
Assistant United States Attorney

13

I have read the foregoing Plea Agreement, consisting of 14 pages, including this one, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.

CECIL DEWITT NELSON
Defendant

David Burns, Esq.
Attorney for the Defendant

8/16/12
Date

14

AFFIDAVIT IN SUPPORT OF THE INITIALED

"PLEA-AGREEMENT"


NOTICE TO AGENT IS NOTICE TO PRINCIPLE

NOTICE TO AGENT IS NOTICE TO PRINCIPLE


INDEED, NOMORE THAN (AFFIDAVIT) IS NECESSARY

TO MAKE THE PRIMA FACIE CASE. UNITED STATES  V. KIS, 658 F.2D,

526, 536 (7TH CIR. 1981)


I CECIL DEWITT NELSON, AFFIANT A MAN UPON THE SOIL OF AMERICA,

IN CAPACITY AS BENIFICIARY OF THE ORGANIC ORIGINAL

JURISDICTION, STATE AFFIANT IS OF LEGAL AGE, COMPETENT TO

TESTIFY, HAS PERSONAL FIRST HAND KNOWLEDGE THAT THE TRUTH, AND

FACTS HEREIN ARE TRUE, CORRECT, COMPLETE NOT MEANT TO MISLEAD

SO HELP ME GOD.


1. PRIOR TO THE "UNINITIALED AMENDED PLEA-AGREEMENT" FILED

WITH THE COURT ON 1-30-2013 THE DAY AFTER AFFIANT'S SENTENCING

ON 1-29-2013, AFFIANT AND COUNSEL (MR.BURNS) WENT THROUGH THE

ORIGINAL PLEA-AGREEMENT WHICH WAS BINDED INTO 120 MONTHS OF

IMPRISONMENT, THEN AFFIANT WAS MADE TO INITIAL EVERYPAGE AND

SIGN THE LAST PAGE JUST LIKE COUNSEL (MR.BURNS) REMEMBERED AND

ADMITTED IN HIS EMAIL MESSAGE BETWEEN AFFIANT AND COUNSEL

(MR.BURNS). ("SEE EMAIL MESSAGE").

2. MR. BURNS SUBMITTED THE UNINITIALED AMENDED PLEA-AGREEMENT WITH THE COURT WITHOUT AFFIANT'S AUTHORIZATION OR CONSENT, WHICH CHANGED THE TERM OF IMPRISONMENT FROM 120 MONTHS TO AN OPEN PLEA TERM. THE ORIGINAL PLEA-AGREEMENT CONTAINED AFFIANT'S INITIALS ON EVERYPAGE AND AFFIANT'S SIGNATURE ON THE LAST PAGE TO AGREE WITH THE TERM OF 120 MONTHS TERM OF IMPRISONMENT. THE UNINITIALED AMENDED PLEA-AGREEMENT SUBMITTED WITH THE COURT INDICATED NONE OF SUCH INITIALS ON EVERYPAGE OR SIGNATURE AS AFFIANT DID OR LIKE MR. BURNS ADMITTED IN HIS EMAIL MESSAGE.

3. MR. BURNS EMAIL MESSAGE CONTRADICT TO THE FACT THAT AFFIANT NEVER SIGNED THE PLEA-AGREEMENT SUBMITTED TO THE COURT, IF AFFIANT DID, AS HE REMEMBERED, AFFIANT INITIALED EVERYPAGE. MR. BURNS EMAIL MESSAGE RAISED OBVIOUS QUESTIONS THAT IF AFFIANT DIDN'T SIGN ANY PLEA-WORK, HOW CAN MR. BURNS AND THE PROSECUTOR AMEND TWO DIFFERENT PLEA-AGRREMENT 14 AND 17 PAGES WITHOUT THE ORIGINAL ONE EXISTING? IF AFFIANT DID SIGN THE PLEA-WORK, AS MR. BURNS REMEMBERED, AND ADMITTED AFFIANT INITIALED EVERYPAGE, BUT THE UNINITIALED AMENDED PLEA-AGREEMENT FILED BY MR. BURNS AND PROSECUTOR CONTAINED NONE OF THE INITIALS ON EVERYPAGE.

4. THIS DECEITFUL, BADFAITH, MISCONDUCT, CONSPIRACY, UNCLEAN HANDS, BREACH OF PLEA-AGREEMENT, VIOLATION OF DUE PROCESS, AND

FRAUD BY THE COUNSEL MR. BURNS AND THE PROSECUTOR POSSIBLY STARTED WHEN AFFIANT REFUSED TO COOPERATE WITH THE GOVERNMENT TO TESTIFY AGAINST AFFIANT'S CO-DEFENDANT WHO WAS CHARGED IN THE SAME INDICTMENT.

5. ON THE HEARING DAY AFFIANT THOUGHT THE COURT READ OUT FROM THE ORIGINAL INITIALED PLEA-AGREEMENT THAT AFFIANT SIGNED AND INITIALED EVERYPAGE TO AGREE UPON THE TERM OF 120 MONTHS, WITHOUT KNOWING THAT THE UNINITIALED AMENDED PLEA-AGREEMENT WAS SUBMITTED BY MR. BURNS WHICH CHANGED THE TERM FROM 120 MONTHS TO AN OPEN STATUTORY MAXIMUM SENTENCE.

6. ON AUGUST 23, 2016 AFFIANT RECEIVED THE LETTER AND THE 14 PAGE UNINITIALED AMENDED PLEA-AGREEMENT FROM COUNSEL MR. BURNS, THE LETTER INDICATING: "ENCLOSED IS THE PLEA-WORK RELATED TO YOUR INDICTMENT IN CASE # 612-5. AS YOU ARE WELL AWARE, THIS HAS PREVIOUSLY BEEN PROVIDED TO YOU". ("COUNSEL PREVIOUSLY PROVIDED AFFIANT WITH THE 17 PAGE UNINITIALED AMENDED PLEA-AGREEMENT IN 2013") THEN INDICATED "THERE IS NO OTHER PLEA-PAPERWORK, DESPITE YOUR CLAIM TO THE CONTRARY" ("BAR ASSOCIATION"). IF THIS COUNSEL PREVIOUSLY PROVIDED AFFIANT WITH THE 17 PAGE UNINITIALED AMENDED PLEA-AGREEMENT, AND THERE'S NO OTHER PLEA-PAPERWORK DESPITE AFFIANT'S CLAIM, "HOW CAN THERE EXIST ONE 14 AND ONE 17 PAGE UNINITIALED AMENDED PLEA-AGRREMENTS WITH THE SAME SIGNATURES AND DATES PROVIDED BY COUNSEL? THIS CONTRADICT TO THE FACTS. ("SEE THE LETTER AND OPINION WITH EXHIBITS FROM HANDWRITING EXPERT").

4

6. PAGE 46 & 47 OF THE ALTERED TRANSCRIPTS: LINE 24 "I THINK
THIS WAS THE ONLY PLEA-OFFER THAT HAS BEEN MADE, IT WAS MADE,
AND PREVIOUSLY REJECTED", PAGE 47 1-6 AND THEN IT WAS ACCEPTED
YESTERDAY". (THE COURT): MR. RAFFERTY AS THE CHIEF PROSECUTOR,
IS THAT CONSISTANT? (MR. RAFFERTY): "THAT IS CORRECT, YOUR
HONOR, "THE ONLY PLEA-OFFER THAT WAS CONVEYED TO THIS COUNSEL
WAS THIS PLEA-OFFER HERE " THE ALTERED TRANSCRIPTS CONTRADICT
TO THE FACTS. IF THE PROSECUTOR INDICATED THEY ONLY CONVEYED
ONE PLEA-AGREEMENT TO THE TRIAL COUNSEL, HOW CAN THERE BE TWO
DIFFERENT UNINITIALED AMENDED PLEA-AGREEMENTS PROVIDED TO
AFFIANT WITH THE SAME SIGNATURES, AND DATES WITHOUT THERE
BEING AN ORIGINAL PLEA-AGREEMENT EXISITING WITH AFFIANT'S
INITIALS ON EVERYPAGE LIKE COUNSEL MR. BURNS REMEMBERED AND
ADMITTED IN HIS EMAIL MESSAGE. TO HAVE TWO UNINITIALED AMENDED
PLEA-AGREEMENTS WITH THE SAME SIGNATURES AND DATES THERE HAS
TO BE AN ORIGINAL PLEA-AGREEMENT WITH AFFIANTS INITIALS AND
SIGNATURE ON EVERYPAGE TO AGREE UPON THE TERM LIKE COUNSEL MR.
BURNS  REMEMBERED AND ADMITTED IN HIS EMAIL MESSAGE. IF THERE
EXIST NO ORIGINAL PLEA-AGREEMENT, WHAT DID COUNSEL MR. BURNS
AND THE PROSECUTOR USE TO AMEND THE 14 & 17 PAGE UNINITIALED
AMENDED PLEA-AGREEMENTS FROM?



THIS COUNSEL VIOLATED THE SUPREME COURT CASE MISSOURI V. FRY
WHICH STATED: "IT IS AN ABSOLUTE REQUIREMENT OF DEFENSE
COUNSEL TO TRANSMIT ANY OFFER MADE BY THE GOVERNMENT TO THE

DEFENDANT".


~7. AFFIANT'S SIXTH AMENDMENT-RIGHT TO EFFECTIVE ASSISTANCE OF

COUNSEL, AND FIFTH AMENDMENT-DUE PROCESS RIGHT WAS DEPRIVED,

AND VIOLATED BEFORE THE PLEA-HEARING, AND SENTENCING WAS

CONDUCTED BY THE COURT. THIS SYSTEMATIC FLAW AND ERROR OF FACT

SUBSTANTIALLY PREJUDICED AFFIANT WITH THE FRAUD, BREACH OF

PLEA-AGREEMENT, MISCONDUCT, DECEIT, BADFAITH, CONSPIRACY, AND

UNCLEAN HANDS  COMMITTED BY COUNSEL MR. BURNS AND THE

PROSECUTOR, AND THE ENTERING OF THE GUILTY PLEA WAS NOT FREE,

FAIR, UNKNOWINGLY, UNINTENTIONALLY, UNWILLINGLY, OR

VOLUNTARILY ENTERED.


I Cecil Dewitt Nelson HEREBY RESERVE MY RIGHT NOT TO BE

COMPLELLED TO PERFORM THE OBLIGATION UNDER ANY CONTRACT OR

COMMERCIAL AGREEMENT THAT AFFIANT DID NOT ENTER INTO

KNOWINGLY, VOLUNTARILY, WILLINGLY, OR INTENTIONALLY.

FURTHERMORE, AFFIANT DO NOT ACCEPT THE OBLIGATION

(IMPRISONMENT) OF ANY UNREVEALED CONTRACT OR COMMERCIAL

AGREEMENT, CREATED THROUGH FRAUD, DECEIT, BADFAITH,

MISCONDUCT, BREACH OF PLEA-AGREEMENT, UNCLEAM HANDS, OR

CONSPIRACY.


NON-RESPONSE/PARTIAL RESPONSE TO THIS AFFIDAVIT IS A DISHONOR

AND DISREGARD OF DUTY THUS ESTABLISHES ACCEPTANCE AND

AGREEMENT AS A FACT BY DEFAULT, THIS CREATING VALID AND

BINDING CONTRACT BY TACIT APPROVAL, SILENCE AND ACQUIENSCENCE
ESTABLISHING A FULL AND COMPLETE ACCEPTANCE OF ALL CLAIMS
HEREIN, AND CREATES A PERMANENT AND IRREVOCABLE ESTOPPLE,
FOREVER BARRING FUTURE COUNTERCLAIMS CONTEMPLATING ANY CLAIM
HEREIN, UNDER ANY STATUTE OR ACT.


I Cecil Dewitt Nelson, DO HEREBY CERTIFY THAT THE STATEMENTS
MADE HEREIN ARE TRUE, CORRECT TO THE BEST OF MY CURRENT
KNOWLEDGE UNDER THE PENALTY OF PERJURY.


_Cecil Dewitt Nelson_          _12-10-2020_
Cecil Dewitt Nelson          DATE


ACKNOWLEDGEMENT


SUBSCRIBED AND SWORN BEFORE ME THIS THE _____
DAY OF _____, 2020 PERSONALLY APPEARED BEFORE AND KNOWN
TO ME TO BE THE MAN WHOSE NAME SUBSCRIBED TO THE WITHIN
INSTRUMENT AND ACKNOWLEDGE TO BE THE SAME.


_____, SEAL/COMMISION
NOTARY NAME AND ADDRESS