UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL DEWITT NELSON,<br><br>    Petitioner,<br><br>    v.<br><br>A. CIOLLI, Warden,<br><br>    Respondent. | Case No.: 1:20-cv-01769-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

    Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California.  He filed the instant federal petition on December 15, 2020, challenging his conviction and sentence.  Because the petition is duplicative of a previous petition that was dismissed, and because the Court lacks jurisdiction to consider the claims, the Court will recommend that the instant petition be DISMISSED.

**BACKGROUND**

    On February 21, 2019, Petitioner filed a petition for writ of habeas corpus in this Court in Nelson v. Lake, Case No. 1:19-cv-00249-LJO-SKO.  The petition was dismissed for lack of jurisdiction, because Petitioner failed to satisfy the savings clause in 28 U.S.C. § 2255 which would permit him to challenge his conviction by way of § 2241.  On October 21, 2019, Petitioner filed a

1

subsequent habeas petition in this Court in Nelson v. Lake, Case No. 1:19-cv-01487-DAD-SKO. The petition was dismissed for the same reasons.

On December 15, 2020, Petitioner filed the instant petition. The petition presents nearly the exact same claims previously presented. In Ground One, he alleges that "the U.S. Attorney billed the petitioner, then established/executed a bond/contract, then made claim on the petitioner for not performing the terms of the bond which resulted in the petitioner's prosecution and imprisonment." (Doc. 1 at 6.) He alleges his attorney was ineffective in failing to notify Petitioner of this fact. In Ground Two, he appears to claim that he was deceived by being led to believe the proceeding was criminal in nature, when in fact commercial, because he signed an instrument which he characterizes was equivalent to a bank note. (Doc. 1 at 7.) In Ground Three, he claims that "[s]ince the U.S. Attorney Office received a security/payment for the charges, [he] cannot in addition be incarcerated." (Doc. 1 at 8.) In Ground Four, he contends he should not be incarcerated because the penalty for the crime is a money judgment which he has satisfied. (Doc. 1 at 9.) In Ground Five, he alleges the prosecutor and defense attorney committed fraud on the court, violated his due process rights, subjected him to cruel and unusual punishment, and rendered ineffective assistance of counsel. (Doc. 1 at 11.) He contends he had not agreed to the terms of the amended plea agreement, but his signature was forged, cut and pasted. In Ground Six, he claims trial counsel was ineffective in failing to transmit all offers made by the government. (Doc. 1 at 12.)

**DISCUSSION**

I.     Duplicative Petition

The instant petition raises the same claims as those raised in the previous habeas action. The Court may dismiss an action as duplicative after weighing the equities of the case, Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by* Taylor v. Sturgell, 553 U.S. 880, 904 (2008), and the Court may dismiss a duplicative petition as frivolous if it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations omitted). See also Fordjour v. Mueller, No. 1:08-CV-01143-OWW-SMS (HC), 2008 WL 4104298, at *1 (E.D. Cal. Sept. 3, 2008), *report and recommendation adopted*, 2008 WL 4661028 (E.D. Cal. Oct. 21, 2008) (dismissing as duplicative a habeas petition challenging the

same conviction on the same grounds as a prior petition). Insofar as the instant petition raises nearly identical claims as the prior petition, and in any case the Court lacks jurisdiction to consider the claims, the Court will recommend the petition be dismissed.

II.     Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843

F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Southern District of Georgia, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Southern District of Georgia, not a habeas petition pursuant to § 2241 in this Court. Petitioner was made known of this fact in his prior habeas proceedings in this Court, which were dismissed for lack of habeas jurisdiction. Just as with the previous habeas applications, this Court lacks habeas jurisdiction because Petitioner has had numerous unobstructed procedural opportunities to present his claims, and he does not present a claim of actual innocence.

The procedural background of the underlying conviction was set forth in the previous action as follows:

> On January 30, 2013, Petitioner pled guilty to one count of conspiracy to kidnap (18 U.S.C. § 1201(c)) in the United States District Court for the Southern District of Georgia. See United States v. Murray, Case No. 6:12-cr-00005-JRH-CLR (S.D. Ga.).[1] The district court sentenced Petitioner to a term of life imprisonment. Id.
>
> On March 27, 2013, Petitioner appealed to the Eleventh Circuit Court of Appeals. Id. (Doc. 171.) On January 22, 2014, the appellate court affirmed the judgment. Id. (Doc. 196.) On February 26, 2015, Petitioner filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255. Id. (Doc. 199.) The trial court denied the § 2255 motion on August 10, 2015. Id. (Doc. 217.) Petitioner appealed to the Eleventh Circuit on August 24, 2015, and the appeal was denied on December 30, 2015. Id. (Docs. 223, 232.) Petitioner filed a motion for reconsideration with the Eleventh Circuit, and the appellate court denied the motion on March 1, 2016. Id. (Docs. 232, 240.) On December 5, 2017, Petitioner filed a motion for emergency relief from a void judgment in the trial court. Id. (Doc. 280.) On July 12, 2018, the district court construed the motion as a §

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

2255 motion and denied it as an unauthorized successive motion. Id. (Doc. 289.) Petitioner appealed, and on February 21, 2019, the Eleventh Circuit dismissed the appeal. Id. (Docs. 290, 297, 298.)  Petitioner then filed a motion for writ of mandamus in the sentencing court, and the court denied the motion on March 26, 2019. Id. (Docs. 299, 300.)  Petitioner then filed several miscellaneous motions seeking relief which the sentencing court summarily rejected. Id. (Docs. 309, 318, 324, 325.)  Recently, on October 22, 2019, he filed a motion to alter or amend judgment which is currently pending in the sentencing court. Id. (Doc. 327.)

Nelson v. Lake, Case No. 1:19-cv-01487-DAD-SKO.

As the Court noted in the previous action, Petitioner has had numerous opportunities to present his claims to the sentencing court, and in fact, several of his claims were rejected by the sentencing court.  For example, his claim that his plea agreement was invalid in light of allegedly forged signatures on the amended plea agreement was rejected because the sentencing court noted that the full terms of his plea were discussed in open court. Murray, Case No. 6:12-cr-00005-JRH-CLR (Doc. 201 at 6.) The Court noted that "the judge and government spelled out his crime's elements"; and, "the record shows that Nelson understood the nature of the charges against him, the rights he gave up when he entered the guilty plea, and the possible penalties for the offense." Id. (Doc. 201 at 5.) Furthermore, the factual bases for his claims were known to him prior to the filing of his first § 2255 motion.  The legal bases for his claims were also available to him before he filed his first § 2255 motion.  Petitioner has not shown that he was precluded from presenting these claims in his prior motions, and therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

Petitioner has also failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence."  In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable

juror" would have convicted him.  Lorentsen, 223 F.3d at 954.  In this case, Petitioner makes no claim of being factually innocent of conspiracy to kidnap.  Rather, he takes issue with the sentence, the performance of defense counsel, the prosecutor, and the trial court as well as the authenticity of the amended plea agreement document, and he makes nonsensical points such as being subject to commercial law rather than criminal law.  Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted.  See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction").  Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court.  See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Even if Petitioner satisfied the savings clause and the Court could entertain his petition, relief would be barred since Petitioner waived his right to collateral review in his plea bargain.  Murray, Case No. 6:12-cr-00005-JRH-CLR (Doc. 148 at 6.); see United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (enforcing a waiver to collateral attack of conviction in § 2255 proceeding).

Accordingly, as was previously determined by the District Court, Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.  His claims are also barred from review because he validly waived his right to collateral review.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

/////

/////

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as duplicative and for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 17, 2020**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE